(No. 2984— ▆▆▆▆▆▆▆▆▆▆▆▆▆

W. Frank Walkowiak, Mary Walkowiak, R. P. Lambert and Stella Lambert, Claimants, vs. State of Illinois, Respondent.

*Opinion filed December 18, 1942.*

Lawrence Morell Gross and James W. Breen, for claimants.

George F. Barrett, Attorney General; Robert V. Ostrom, Assistant Attorney General, for respondent.

Eckert, J.

The claimants, W. Frank Walkowiak and R. P. Lambert are the owners as tenants in common of Lots 7, 8, 9, and 10 in Block 16 of "Argo Third Addition to Summit," a subdivision of that part of the north ¾ of the southwest quarter of Section 13, Township 38 North, Range 12, East of the Third Principal Meridian, lying east of Archer Avenue (except the north 540.41 feet thereof), in Cook County, Illinois. The claimant Mary Walkowiak is the wife of the claimant, W. Frank Walkowiak, and the claimant Stella Lambert is the wife of the claimant, R. P. Lambert. The property is situated on the northeast corner of the intersection of Archer Avenue and 60th Street, and has a frontage on Archer Avenue of 97 feet, and a frontage on 60th Street of 104 feet. During the

period from July, 1934, to August, 1935, the Department of Public Works and Buildings, Division of Highways, of the State of Illinois, erected a new viaduct across the Indiana Harbor Belt Railroad on Archer Avenue just north of 60th Street, paved Archer Avenue from 55th Street to 63rd Street, and re-constructed a sidewalk on Archer Avenue adjoining claimants' property. The new roadway and viaduct were elevated above the level of the original road and viaduct, and the approaches were lengthened and extended.

The south approach to the original viaduct began approximately forty feet north of the southwest corner of claimants' property; the south forty feet of frontage of claimants' property was on a level with Archer Avenue; along the remaining fifty-seven feet of frontage there was a gradual rise, the height of which increased to approximately four feet at the north line of claimants' property. The original sidewalk ran parallel with the front line of the property and continued up and on the approach. There was no retaining wall or hand rail on the original roadway opposite claimants' property.

The elevation of the new roadway and viaduct at the southwest corner of claimants' property is approximately one foot, and the elevation of the retaining wall of the viaduct increases until it reaches the height of eight feet at the north line of the property. There is a concrete hand rail three and one-half feet high superimposed upon the retaining wall and extending north from a point forty feet north of the south line of the property. The old sidewalk, which was torn up, was replaced the length of claimants' property only, and is now a dead-end walk. The new sidewalk, running along the new roadway and over the new viaduct, veers away from claimants' property so that at the north end it is approximately twelve feet from the old sidewalk. Claimants' property is now in a depression, and ingress and egress to and from Archer Avenue is completely obstructed.

Claimants purchased the property in 1930 for $8,000.00. At that time the property adjoining on the north was owned by the Catholic Bishop of Chicago, and claimants hoped a church or school might be built on this adjoining tract which would increase pedestrian traffic in front of their property and enhance its value as a business site. With this thought in mind, in August or September, 1930, they refused an offer of $100.00 a front foot. Subsequently, they expended ap-

proximately $1,100.00 for various street improvements. The property is now free and clear of liens.

Claimants contend that by the construction of the new viaduct, they have sustained a loss of $3,500.00 in the value of their property. Their right to an award is derived from Section 13 of Article 2 of the Constitution, which provides that private property shall not be taken or damaged for public use without just compensation. Where the property is not taken but is damaged for public use, the proper measure of damages is the difference between its fair cash market value immediately prior to the improvement and its fair cash market value immediately after the improvement. *Oetting* vs. *State,* 11 C. C. R. 527.

Ernest H. Lyons, a real estate broker and appraiser for more than thirty-five years in Chicago and vicinity, called as a witness for the claimant, testified that in his opinion the property prior to the construction of the new viaduct had a fair cash market value for its highest and best use of $6,000.00; that at the time of the completion of the new viaduct, the fair cash market value of the property was $2,500.00; that the property lost its most valuable accessibility and availability in the obstruction of its frontage on Archer Avenue from which it previously had derived most of its value.

Donald T. Morrison, a real estate broker and appraiser in Cook County for many years, called as a witness for the respondent, testified that in his opinion the highest and best use for which the property was immediately available prior to the construction was for business or commercial purposes; and that the construction had not changed this use. He testified that immediately prior to the construction of the new viaduct the fair cash market value of claimants' property in his opinion, was $5,000.00, and that immediately after the construction and improvement the fair cash market value was $4,500.00. In arriving at these values the witness considered the location and size of the property, surrounding conditions, the real estate market at the time of the improvement, recent sales of property in the neighborhood, and the highest and best use of the property. He testified that the property could still be used for commercial purposes, entering on 60th Street instead of on Archer Avenue, and that for such purposes the widening and paving of the viaduct had benefited the 60th Street frontage. On cross-examination, the witness stated

that in January, 1931, a lot 25x125 feet on Archer Avenue, located about 150 feet south of 60th Street, had sold for $70.00 a front foot.

The court has inspected the property, and from such inspection, and from the testimony of the witnesses, the court finds that the property of the claimants has been damaged by the construction of the viaduct on Archer Avenue in the amount of $3,500.00.

An award is therefore entered in favor of the claimants in the sum of $3,500.00.